**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT LEE DARNELL, | ) Case No.: 1:16-cv-00396-JLT |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE WHY THE PETITION |
| v. | ) SHOULD NOT BE DISMISSED FOR VIOLATION |
| | ) OF THE ONE-YEAR STATUTE OF |
| STU SHERMAN, | ) LIMITATIONS |
| Respondent. | ) |
| | ) ORDER DIRECTING THAT RESPONSE BE |
| | ) FILED WITHIN THIRTY DAYS |
| | ) |
| | ) |

The Court has reviewed the petition and it appears that the petition is untimely. Thus, the Court will **ORDER** Petitioner to show cause why the petition should not be dismissed as untimely.

**I.      DISCUSSION**

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

1

habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

Herbst.

      B.   Limitation Period For Filing Petition For Writ Of Habeas Corpus

      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

The instant petition was filed on March 20, 2016[1], and thus, it is subject to the provisions of the

AEDPA.

      The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct
> > review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by
> > State action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly recognized by

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the proof of service for the instant petition on March 20, 2016.  (Doc. 1, p. 55).

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1).  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations period would begin to run on April 25, 1996.  Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).

Petitioner was sentenced to life without the possibility of parole for his November 3, 1989 conviction for first degree murder with special circumstances.  (Doc. 1, p. 51).  Petitioner appealed to the California Court of Appeal, which affirmed the conviction on July 3, 1991.  When Petitioner failed to file a petition for review in the state supreme court, the remittitur issued on October 7, 1991, thus concluding direct review of his conviction.  (Id.).   Since his direct review concluded prior to the enactment of the AEDPA, the one-year limitation period commenced on April 25, 1996 and expired one year later, on April 24, 1997.

As mentioned, the instant petition was filed on March 20, 2016, almost 19 years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

1    2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

2    governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

3    U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a

4    full round of [state] collateral review," so long as there is no unreasonable delay in the intervals

5    between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez,

6    340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548

7    F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v.

8    Chavis,  546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see

9    also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

10           Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

11   For example, no statutory tolling is allowed for the period of time between finality of an appeal and

12   the filing of an application for post-conviction or other collateral review in state court, because no

13   state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.

14   Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

15   period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the

16   limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v.

17   Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir.

18   2001)(as amended on December 16, 2002.  Further, a petitioner is not entitled to statutory tolling

19   where the limitation period has already run prior to filing a state habeas petition.  Ferguson v.

20   Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the

21   limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d

22   478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the

23   petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir.

24   2006).

25           Petitioner alleges that he filed a state habeas petition in the California Supreme Court

26   challenging the imposition of various restitution fines at sentencing.  (Doc. 1, p. 2).  However, a

27   petitioner is not entitled to tolling where the limitations period has already run prior to filing a state

28   habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478

1    (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v.

2    Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the

3    limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d

4    919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after

5    expiration of the one-year limitations period).   Here, as mentioned, the limitations period expired in

6    1997, almost twenty years before Petitioner filed his state habeas petition.  Accordingly, he cannot

7    avail himself of the statutory tolling provisions of the AEDPA.

8            D.  Equitable Tolling.

9            The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

10   tolling in appropriate cases.  See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United

11   States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable

12   tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the

13   petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation

14   marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence,

15   account for the failure to file a timely claim, equitable tolling of the statute of limitations may be

16   appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking

17   equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his

18   rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 560 U.S.

19   at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger

20   equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro,

21   292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is

22   unavailable in most cases."  Miles, 187 F. 3d at 1107.

23           Petitioner has made no express claim of entitlement to equitable tolling and, based on the

24   record now before the Court, the Court sees no basis for such a claim.  However, Petitioner does

25   indicate that he is ignorant of the law and did not realize he could challenge the sentence until he

26   obtained the services of a jailhouse lawyer.  Nevertheless, a petitioner's claims of ignorance of the

27   law, lack of education, or illiteracy are not grounds for equitable tolling.  Raspberry v. Garcia, 448

28   F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909

(9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Accordingly, Petitioner's lack of knowledge of the law, a circumstance shared with virtually all inmates and potential petitions, is hardly an "extraordinary" circumstance meriting equitable tolling.

Petitioner implies that he should be excepted from the effects of the one-year limitation period because he is actually innocent.  In McQuiggin v. Perkins, 569 U.S.___,  2013 WL 2300806 (2013), the United States Supreme Court held that "actual innocence" could be an exception to the one-year limitation bar in the AEDPA:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House,[2] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329; see House, 547 U.S., at 538 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332.

McQuiggin, at *3.  The Supreme Court went on to explain that an "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing, and, thus, "a court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of evidence [of actual innocence]." Id. at *11, quoting Schlup, 513 U.S. at 332. See also Lee v. Lampert, 653 F.3d 929, 932-933 (9th Cir. 2011)(en banc)("a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." ) The "Schlup gateway," however, may only be employed when a petitioner "falls within the narrow class of cases…implicating a fundamental miscarriage of justice.  Schlup, 513 U.S. at 314-315; McQuiggin, at *9.  However, "[t]o ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the

---

[2] Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995); House v. Bell, 547 U.S. 518, 126 S.Ct. 2064 (2006).

6

'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving," the Supreme Court explicitly limited the equitable exception to cases where a petitioner has made a showing of innocence. Schlup, 513 U.S. at 321. "The Supreme Court did not hold that a petitioner may invoke Schlup whenever he wants a trial do-over." Lee, 653 F.3d at 946 (Kozinski, J., concurring.)

The rule announced in McQuiggin is not a type of equitable tolling, which provides for an extension of the time statutorily prescribed, but an equitable exception to § 2244(d)(1). McQuiggin at *7. Moreover, the Court noted that actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's constitutional claims; the Court has yet to address whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. McQuiggin at *7.

Petitioner has failed to meet Schlup's exacting standard. Petitioner alleges, quite simply, that he did not intend to kill the victim.  He does not deny killing the victim.  (Doc. 1, p. 13).  In short, Petitioner is asking that this Court blindly accept his version of events over the evidence presented at trial and considered by the jury, regarding his guilt or innocence.  Petitioner's meager allegation falls far short of Schlup's requirements and fails to even come close to a prima facie showing of actual innocence for purposes of avoiding the effects of the AEDPA's one-year limitation period.

However, the Court, pursuant to the Ninth Circuit's mandate in Herbst, will afford Petitioner an opportunity to response to this Order to Show Cause within thirty days.  If Petitioner is unable to provide further evidence why the petition should be considered timely, the Court will recommend that the petition be dismissed as untimely.

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. **Within 30 days** of the date of service of this order, Petitioner is **to show cause** why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

///

///

1      **Petitioner is forewarned that his failure to comply with this order may result in a**

2    **Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

3

4    IT IS SO ORDERED.

5       Dated:    **March 24, 2016**                    **/s/ Jennifer L. Thurston**

6                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28